UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES VERDIN** | * | **CIVIL ACTION** |
|     Plaintiff | * | NO: 19-9927 |
| Versus | * | |
| **LIFE INSURANCE COMPANY** | * | JUDGE: |
| **OF NORTH AMERICA** | * | |
|     Defendant | * | MAGISTRATE: |

## COMPLAINT

1. Plaintiff, James Verdin ("Verdin"), brings this action against defendant, Life Insurance Company of North America ("LINA"), for benefits payable under a long-term disability plan ("Plan") sponsored by his employer, Quality Energy Services, Inc. ("Quality"), a corporation with its principal place of business in Houma, Louisiana.

2. LINA's affiliated company, Cigna Group Insurance ("Cigna"), had authority to review claims and determine eligibility for benefits under the Plan. LINA and Cigna Group Insurance are both subsidiaries of CIGNA Corporation.

3. This Complaint challenges the defendant's: 1) unreasonable and unlawful denial of long-term disability income benefits despite the substantial medical evidence demonstrating plaintiff's qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Verdin's disability due to a severe car accident and resulting cervical surgery and shoulder surgery; 3) failure to provide Verdin with a full and fair review of his claim, including failure to take into account the fact that he was awarded Social Security Disability benefits on the

initial application and is considered disabled by his company's workers' compensation carrier; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Verdin's claim.

4.      Verdin is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify his rights under the terms of the Plan, and to recover costs, attorney's fees, and pre- and post-judgment interest as provided by ERISA.

5.      This Court has personal jurisdiction over the defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f) without regard to jurisdictional amount or diversity of citizenship, in that the Plan was administered in this district and the defendant's breach of its ERISA obligations in this district.

6.      The plaintiff, Verdin, is a 51-year-old individual domiciled in Houma, Louisiana. Verdin is a vested participant in the Quality Energy Services Employee Benefit Plan, within the meaning of 29 U.S.C. § 1002(2)(7). Verdin has standing to bring this action under 29 U.S.C. § 1132(a).

7.      The defendant is domiciled in Pennsylvania with its principal place of business in Pennsylvania.

## STATEMENT OF FACTS

8.      At the time he became disabled, Mr. Verdin was an operations manager with heavy physical demand requirements. His job required extensive travel and often physical labor if required. His initial application for long-term disability benefits stated that his job required heavy travel, use of tools, and physical work.

9. As an employee of Quality Energy Services, Inc., Verdin was entitled to long-term disability benefits under a contract of insurance between his insurer and LINA.

10. The Plan does not provide LINA or affiliated company Cigna with discretion to interpret its terms.

11. Under the terms of the Plan, the Plan commits to paying benefits when a beneficiary is

   a. "unable to perform the material duties of his or her occupation"; and

   b. "unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation."

12. After 24 months of benefits are paid, the Plan commits to paying long-term disability benefits if the beneficiary is disabled from any occupation. The Social Security Administration found Mr. Verdin to be disabled from any occupation. Therefore, Mr. Verdin is entitled to benefits until his retirement age as defined by the policy.

## **VERDIN'S DISABILITY**

13. Mr. Verdin was injured when a large flatbed truck with a full load hit him from behind going sixty miles per hour. The onset of his disability was therefore acute.

14. He suffered a rotator cuff tear and SLAP tear during the accident and since the accident has undergone an arthroscopic surgery of the shoulder. These injuries have made it impossible for him to work with his hands or do any lifting, which is a requirement of his job. Mr. Verdin still suffers with significant pain in the shoulder.

15. Mr. Verdin also suffered with neck and back pain and has undergone surgery for a bulging cervical disk. According to his treating doctors, he cannot stand or sit for long periods of time, making even a sedentary job impossible.

16. Mr. Verdin has been prescribed narcotic pain medication, which would make the driving, travel, and physical demands of his own occupation impossible. In addition, these limitations would make any job impossible.

17. Certifications of all these limitations from Dr. Elizabeth Clark and other treating physicians are in the claim file.

## APPEAL

18   Verdin applied for long-term disability and despite the fact that his treating physicians indicated that he was medically unable to work from the date of his car accident, June 15, 2017, long-term disability benefits were denied.

19. Verdin appealed and in keeping with CIGNA's request, signed an authorization for release of Social Security documents, which showed he was approved for Social Security on his initial application.

20. Verdin's appeal was denied December 6, 2018 and the denial letter stated he has exhausted administrative remedies.

## SUMMARY

21. The plaintiff has been disabled from his own occupation, and per workers' compensation and Social Security, from any occupation, since his car accident of June 15, 2017.

22. The plaintiff exhausted his administrative remedies.

23. The defendant failed to provide Verdin with a full and fair review of his claim for benefits, including a fair review of what his own occupation entails and why the Social Security determination of disability was wrong.

24. Any discretion to which defendant may claim it is entitled under the Plan is negated by its failure to provide the plaintiff with an explanation as to its adverse action and a full and fair review of his claim for benefits.

25. The defendant was motivated by its financial conflict of interest when it denied Mr. Verdin's claim for benefits.

26. The decision to deny Mr. Verdin's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

27. Due to the unlawful denial of benefits under ERISA., plaintiff has lost his rightful long-term disability benefits.

28. The plaintiff has also suffered emotional distress and an exacerbation of his physical condition as a result of defendant's actions.

29. Having exhausted the administrative procedures provided by the Defendant, Plaintiff now brings this action.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

30. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

31. The Plan is a contract.

32. Plaintiff has performed all of his obligations under the contract.

33. 29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

    a. by a participant or beneficiary –

        i. For the relief provided for in subsection (c) of this section, or

        ii. to recover benefits due to him under the terms of her Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

34. The defendant's actions constitute an unlawful denial of benefits under ERISA., as provided in 29 U.S.C. § 1132(a)(1)(B).

35. The defendant unlawfully denied plaintiff's benefits in part by: (1) rejecting the substantial evidence supporting plaintiff's claim; and (2) denying plaintiff a full and fair review of the decision to deny his benefits.

36. In accordance with 29 U.S.C. §1132, plaintiff is entitled to be paid benefits under the Plan based upon his disabled status during his period of disability.

37. The defendant has refused to provide plaintiff with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA.

38. As a direct and proximate result of this breach, plaintiff has lost the principal and the use of his rightful long-term disability benefits.

## SECOND CAUSE OF ACTION

(Attorneys' Fees and Costs)

39. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

40. Under the standards applicable to ERISA., plaintiff deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. Section 1132(g).

41. The defendant has the ability to satisfy the award.

42. The defendant acted in bad faith in denying plaintiff's benefits under the Plan.

43. The award of attorneys' fees against the defendant will deter the defendant and similarly-situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## THIRD CAUSE OF ACTION

(Penalties Under ERISA for Failure to Timely Provide Plan Documents After Written Request)

44. Per ERISA Section 502(c)(1) the defendant is liable for penalties for failure to provide plan documents, including the administrative file and the policy, within 30 days of the written request by plaintiff's attorney.

## PRAYER FOR RELIEF

45. WHEREFORE, the plaintiff respectfully prays that the Court:

a. Declare, adjudge, and decree that plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan for the pendency of disability;

b.	Award plaintiff the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-suit and post-suit interest as may be allowed by law.

c.	Order that the defendant make restitution to plaintiff in the amount of any losses sustained by plaintiff in consequence of the wrongful conduct alleged herein, together with pre-suit and pre-judgment interest.

d.	Award plaintiff the costs of this action and reasonable attorneys' fees;

e.	Award the plaintiff penalties for failure to timely provide plan documents after written request;

f.	Declare, adjudge, and decree that defendant has no right of reimbursement or set-off under the language of the plan and the facts and circumstances of this case; and

g.	Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin

DAVID C. PELLEGRIN, T.A. (La Bar # 34957)
3500 North Hullen Street
Suite 17D
Metairie, LA 70002
email: dpellegrin@pellegrinfirm.com
phone: 504-405-3245
fax: 1-866-651-8738

PLEASE SERVE:

LIFE INSURANCE COMPANY OF NORTH AMERICA
through the Louisiana Secretary of State
P.O. Box 94125
Baton Rouge, LA 70809